**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| DC INTERNATIONAL | CIVIL ACTION NO. 09-1196 |
| VERSUS | JUDGE MELANÇON |
| ZURICH-AMERICAN INSURANCE GROUP AND LOUISIANA COMPANIES | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING**

Before the Court are plaintiff's Motion to Remand [Rec. Doc. 7] and defendant's Opposition to Motion to Remand [Rec. Doc. 16]. Having considered the motion and the record before the Court and for the reasons set out hereinafter, the Court will **DENY** plaintiff's Motion [Rec. Doc. 7].

**I. BACKGROUND**

On June 9, 2009 plaintiff DC International, Inc. ("plaintiff") filed suit in the Fifteenth Judicial District Court in and for the Parish of Lafayette, State of Louisiana against American Zurich Insurance Company, improperly denominated "Zurich-American Insurance Group" ("Zurich"), a foreign insurer authorized to do and doing business in the State of Louisiana, and Louisiana Companies, a Louisiana business corporation (collectively, "defendants"). In its suit, plaintiff sought a declaratory judgment and damages based on defendants' alleged breach of contract, unfair business practices, and negligence stemming from plaintiff's purchase of a workers' compensation insurance policy from Zurich (as insurer) through Louisiana Companies (as agent). Plaintiff claimed that when the policy was sold defendants

led it to believe that it was obtaining a certain classification and premium level, and then after the policy was issued Zurich changed plaintiff's classification and increased the policy premium amount retroactively.

On July 17, 2009 Zurich removed the case to this Court, arguing that the Court has diversity jurisdiction because Louisiana Companies, a non-diverse defendant, was improperly joined. Zurich argues that plaintiff failed to state a cause of action against Louisiana Companies, and alternatively, that plaintiff's claims against Louisiana Companies are time-barred.

On August 14, 2009 plaintiff filed a Motion to Remand [Rec. Doc. 7] claiming that complete diversity does not exist, as its initial petition *did* establish a cause of action against Louisiana Companies, and its claims against Louisiana Companies are not time-barred. Zurich filed a memorandum opposing remand [Rec. Doc. 16].

## II. LAW & ANALYSIS

### A. Improper Joinder Standard

28 U.S.C. § 1441(b) states that an action is removable on the basis of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a party removing on the basis of complete diversity must demonstrate that none of the defendants is a citizen of the state in which the action was filed.

While complete diversity does not exist on the face of plaintiff's petition, Zurich alleges that the nondiverse defendant, Louisiana Companies, was improperly joined. A claim of improper joinder invokes a "narrow exception" to the rule of complete diversity, and the removing party bears a heavy burden of persuasion. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). But "the Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (*en banc*) (internal quotations and citations omitted).

The Fifth Circuit will find improper joinder where either "(1) there is actual fraud in the pleading jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007). Zurich argues only the second prong here.

In evaluating the plaintiff's ability to establish a cause of action against the nondiverse defendant, "the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (emphasis in original). In making that determination, a court generally conducts a

3

Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim against the in-state defendant, though a court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* The Court must resolve all contested issues of fact and ambiguities of state law in favor of the non-removing party. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003).

B. <u>Failure to State a Cause of Action Against Louisiana Companies</u>

Plaintiff's only proffered legal basis for recovery against Louisiana Companies is the duty owed by an insurance agent to procure proper coverage for its client. Under Louisiana law, as plaintiff points out, an insurance agent has a fiduciary duty to the insured, and is liable for his own fault or neglect. *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-30 (5th Cir.1990). A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and 3) actions by the agent warranting the client's assumption that the client was properly insured. *Id.* (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973)).

Clearly, there is an obligation on the part of the agent to procure the level of insurance the client is led to believe he is getting. But this duty is just as clearly

4

limited to *procuring insurance*, and says nothing of the price that the insurer charges. The liability the duty imposes stems from an agent's failure to get its client covered, not from issues over the coverage policy's price. *See Offshore*, 910 F.2d at 229 (a plaintiff can "recover for a loss arising out of the failure of [the] agent to obtain insurance coverage."); *Karam*, 281 So.2d at 730 ("The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage."). Plaintiff has not established, nor even pointed to one authority to suggest, that an insurance agent has a duty to its client to secure a specific price or lock in a specific premium. Thus, recovery is limited to damages resulting from the client's lack of coverage, not from any "loss" he might claim as a result of an insurer's change to the premium amount.[1]

Here, plaintiff does not even allege that Louisiana Companies failed to procure the agreed-upon coverage. In fact, plaintiff agrees that it brokered an agreement whereby plaintiff obtained the desired coverage. Plaintiff's only allegations of wrongdoing stem from Zurich's changing the policy's premiums; plaintiff alleges that

---

[1] In *Karam*, the plaintiff was led to believe that his agent was getting him $100,000 in property damage insurance but the agent only procured $10,000, and so when the plaintiff became liable for $18,500 in property damage, the agent was held liable for the remaining $8,500. In *Offshore*, the plaintiff construction company was led to believe that it was getting coverage for losses incurred during weather-related delays, but was sold a policy that didn't, and so when such losses were incurred, its agent was liable for them.

5

Zurich agreed upon one workers' compensation classification for plaintiff's employees, and then later changed its mind and retroactively raised premiums. But even if this allegation is true, Louisiana Companies has not breached any duty owed by an insurance agent under Louisiana law. The only duty on Louisiana Companies was to procure the agreed-upon coverage policy, and it undisputedly did so. Plaintiff has not pleaded the *Karam* elements, and therefore does not have a reasonable possibility of recovery from Louisiana Companies. Thus, Louisiana Companies is improperly joined to the action.

    C.    <u>Time Limit for any Claim Against Louisiana Companies</u>

Zurich also argues that plaintiff's claims against Louisiana Companies are time-barred. Under Louisiana Revised Statutes 9:5606, any claim against an insurance agent arising out of an engagement to provide insurance services must be brought within one (1) year from the date of the alleged act, omission or neglect, or within one (1) year of when it was or should have been discovered.

If there was any misconduct on the part of Louisiana Companies, it occurred when Louisiana Companies facilitated plaintiff's purchase of a policy from Zurich, and plaintiff discovered its "wrongfulness" when Zurich announced its intention to change plaintiff's premiums retroactively. According to plaintiff's Petition, the former occurred in October of 2007, and the latter occurred on or about April 30, 2008. This

action was not commenced until June 9, 2009, more than a year later.

Plaintiff argues that the one-year period should be held to have run from July 14, 2008, the date that Louisiana Companies allegedly presented plaintiff with a document seeking its consent to have its premiums changed retroactively. But plaintiffs are not suing Louisiana Companies for asking it to consent to the later increase–they are suing it for getting plaintiff an insurance policy that would wind up costing the wrong amount. By July 14 plaintiff had already known for months that Zurich was increasing the premiums on the policy Louisiana Companies had helped sell them, and so no argument can be made that the wrong at issue was done to plaintiff on that date. Plaintiff should have brought any action against Louisiana Companies for its role in the policy's sale within one year of discovering Zurich's intent to change the policy's price–to wit, April 30, 2009. Thus, plaintiff's claim against Louisiana Companies is time-barred, and since plaintiff has no possibility of recovery against it, Louisiana Companies is improperly joined to the action.

## III. CONCLUSION

The joinder of Louisiana Companies was improper under the circumstances of this case, and thus, as there is no properly joined in-state, non-diverse defendant, this Court has jurisdiction over this case under 28 U.S.C. § 1441. Further any possible claim against Louisiana Companies that plaintiff may theoretically have is

time-barred.